**Tsering LHAMO, Petitioner,**

v.

**BOARD OF IMMIGRATION APPEALS, Respondent.**

No. 05–2920–ag.

United States Court of Appeals, Second Circuit.

Jan. 25, 2007.

Gary J. Yerman, New York, NY, for Petitioner.

Thomas D. Anderson, United States Attorney for the District of Vermont, Carol L. Shea, Chief, Civil Division, John P. Tavana, Assistant United States Attorney, Burlington, VT, for Respondent.

Present JON O. NEWMAN, CHESTER J. STRAUB and ROSEMARY S. POOLER, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Tsering Lhamo, a native of Tibet and citizen of China, seeks review of a May 20, 2005 order of the BIA adopting and affirming Immigration Judge ("IJ") Paul A. DeFonzo's November 17, 2003 decision denying Lhamo's applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Tsering Lhamo*, No. A76 123 891 (B.I.A. May 20, 2005), *aff'g* A76 123 891 (Immig. Ct. N.Y. City Nov. 17, 2003). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Where, as here, the BIA issues an opinion that fully adopts the IJ's decision, this Court reviews the IJ's decision. *See, e.g., Chun Gao v. Gonzales*, 424 F.3d 122, 124 (2d Cir.2005). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 & n. 7 (2d Cir.2004). However, we will vacate and remand for new findings if the agency's reasoning or its factfinding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 406 (2d Cir.2005)

Relying on this Court's decisions in *Dhoumo v. BIA*, 416 F.3d 172 (2d Cir. 2005) (per curiam), and *Wangchuck v. Dep't of Homeland Security*, 448 F.3d 524 (2d Cir.2006), Lhamo argues in her brief to this Court that the IJ committed reversible error by failing to make a determination regarding her nationality. Under 8 U.S.C. § 1252(d)(1), a court generally can review a final order of removal only if the alien has exhausted all administrative remedies available to the alien. *See Foster v. INS*, 376 F.3d 75, 77–78 (2d Cir.2004); *cf. Lin Zhong v. U.S. Dep't of Justice*, 461 F.3d 101, 118–19 (2d Cir.2006) (explaining the circumstances under which the government waives its opposition to a petitioner's failure to exhaust). Because Lhamo failed to raise the issue of her nationality before the BIA, we decline to consider this unexhausted argument.

The IJ's adverse credibility determination was supported by substantial evidence because he reasonably relied on numerous inconsistencies between Lhamo's oral testimony, written testimony, and submitted documentary evidence, as many of the inconsistencies relate to material aspects of her claim, *i.e.*, her family's flight from Tibet and the persecution she allegedly suffered in India and Nepal on account of her pro-Tibet political activities. *See Secaida–Rosales v. INS*, 331 F.3d 297, 308–09 (2d Cir.2003). While inconsistencies regarding details such as where she was born and where she was married do not necessarily concern central elements of Lhamo's claim of persecution, the IJ was reasonable in finding that the cumulative effect of such discrepancies was to undermine her credibility. *Tu Lin v. Gonzales*, 446 F.3d 395, 402 (2d Cir.2006). Moreover, we do not find that a reasonable adjudicator would have been compelled to accept Lhamo's explanations regarding these inconsistencies. *See Majidi v. Gonzales*, 430 F.3d 77, 80–81 (2d Cir.2005).

The agency's adverse credibility determination is thus supported by substantial evidence in the record, and the agency's denial of asylum was therefore appropriate. Because the only evidence of a threat to Lhamo's life or freedom depended upon her credibility, the adverse credibility de-

termination in this case necessarily precludes success on her claim for withholding of removal. *See Wu Biao Chen v. INS,* 344 F.3d 272, 275 (2d Cir.2003) (per curiam). Additionally, because Lhamo's CAT claim was predicated on the same facts as her claims for asylum and withholding of removal, the adverse credibility determination also precludes success on the CAT claim. *See Xue Hong Yang v. United States Dep't of Justice,* 426 F.3d 520, 523 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, petitioner's pending motion for a stay of removal is DENIED as moot.